NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TRAVELERS CASUALTY AND INSURANCE COMPANY OF AMERICA, | : : : : : | |
| Plaintiff, | : : | Civ. No. 09-648 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| JEANNE KULIK, ET AL., | : : | |
| Defendants. | : : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Plaintiff Travelers Casualty and Insurance Company of America ("Travelers") for default judgment against Defendant Jeanne Kulik ("Kulik"). [# 23] Kulik has not opposed Travelers' present motion. The Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Travelers' motion will be granted.

I.   BACKGROUND

On June 17, 2009, Plaintiffs filed a complaint that alleged Kulik and other named defendants were liable to Travelers under a General Indemnity Agreement ("GIA") executed on May 1, 2003. [# 1] Kulik never filed an answer to Travelers' complaint. On August 17, 2009, the Clerk of the Court entered default against Kulik for failure to plead. The next day, on August 18, 2009, Travelers filed the present motion for default and ask the Court to enter judgment against Kulik in the amount of $93,950.87. [# 23 at p. 4.] The total judgment sought by

Travelers against Kulik has two components: (1) $88,507.87 in money damages for losses sustained by Travelers under the GIA; and (2) $5,443.00 in attorney's fees. [# 23 at p. 2.]  As noted, Kulik has not opposed Travelers' present motion.  The Court has considered the submissions in this case, and having done so, Travelers' motion will be granted.

II.     DISCUSSION

    A.  Legal Standard

Default is governed by Federal Rule of Civil Procedure 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. Apr. 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such

judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

### B. Application

Applying this standard to the facts alleged in Travelers' submissions, the Court determines that an entry of default judgment against Kulik is appropriate because: (1) Kulik has not proffered and does not appear to have a meritorious defense to Travelers' allegations; (2) Travelers has suffered and will continue to suffer prejudice because of Kulik's nonfeasance; (3) Kulik appears culpable for the conduct alleged in Travelers' complaint. Further, the Court concludes that the damages sought by Travelers are documented adequately and are sufficiently certain to render default judgment appropriate. [#23 Ex. A.] As such, the Court will grant Travelers' motion and enter default judgment against Kulik in the amount of $93,950.87, the total of: (1) $88,507.87 in money damages for losses sustained by Travelers under the GIA; and (2) $5,443.00 in attorney's fees. [# 23 at p. 2.]

### III. CONCLUSION

For the reasons noted above, Travelers' motion for default judgment against Kulik is GRANTED in the amount of $93,950.87, the total of: (1) $88,507.87 in money damages; and (2) $5,443.00 in attorney's fees. An appropriate form of order accompanies this memorandum opinion.

Dated: November 13, 2009

                                                                /s/ Garrett E. Brown, Jr.
                                                             GARRETT E. BROWN, JR., U.S.D.J.