**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>POWER TECH SERVICES, INC. and LIGHTHOUSE ADVISORS, LLC and DANIEL KULIK AND JEANNE KULIK )<br>)<br>Defendants. ) | Civil Action No. 09-0648(GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for partial summary judgment filed by Plaintiff Travelers Casualty and Surety Company of America ("Travelers") against Defendant Lighthouse Advisors, LLC ("Lighthouse") (Doc. No. 31). The motion is unopposed. The Court has considered the submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Travelers's present motion for summary judgment.

I.  BACKGROUND

   A.  **Procedural History**

On February 12, 2009 Travelers filed suit against Power Tech Services, Inc. ("Power Tech"), Lighthouse, Daniel Kulik, and Jeanne Kulik. Summons were returned executed as to: 1)

1

Power Tech on March 25, 2009; 2) Lighthouse on March 18, 2009; 3) Daniel Kulik on March 25, 2009; and 4) Jeanne Kulik on April 20, 2009.  The Court entered default judgment against Defendant Jeanne Kulik on November 13, 2009.  (Doc. Nos. 27, 28.)  Travelers filed this motion for partial summary judgment against Lighthouse on April 23, 2009.   The motion is not opposed.

  **B.**  **Facts**

On May 1, 2003, Defendant Daniel Kulik executed a "General Agreement of Indemnity" ("GAI") on behalf of Defendants, Lighthouse and Power Tech Services, Inc.  (Pl.'s 51.6 ¶ 1.) The GAI provided that in consideration of Travelers furnishing bonds on behalf of Power Tech, the Defendants agreed to exonerate, indemnify and save Travelers harmless from and against every claim, loss, damage, demand, liability, cost, charge, bond premium, suit, judgment, attorney's fee, and expenses which may be incurred as consequence of having obligations in connection with such bonds.  (*Id.*)  On February 24, 2005, in consideration of and reliance on the execution of the GAI, Travelers issued Performance and Payment Bonds No. 004-SB-14360656 on behalf of Power Tech.  (*Id.* ¶ 3.)  As a result of having issued the bonds on behalf of Power Tech, Travelers has incurred losses to date in the amount of $71,106.42 and expenses in the amount of $50,418.29 for a total of $121,524.71.  (*Id.* ¶ 4.)  Power Tech made payment of $15,026.26, leaving an outstanding net loss to Travelers of $106,498.42.  (*Id.* ¶ 5.)

Travelers has also been sued by the bond obligee, the Township of Edison, in the Superior Court of New Jersey, Middlesex County (Docket No. MID-L-2370-09).  (*Id.* ¶ 6.) Travelers is currently defending the claims advanced against it and states that it has incurred, and will continue to incur, costs and attorneys' fees by reason of having issued the Bonds on behalf of Power Tech.  (*Id.* ¶¶ 6-7.)  Travelers is potentially subject to further liability if the Township

of Edison is successful on its claims.  (*Id.* ¶ 7.)

## II.  DISCUSSION

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co., Inc.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);  *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

Under New Jersey law, to prevail on a motion for summary judgment on a breach of contract claim, the movant must prove that a contractual relationship existed between the parties, the contract was breached, and the movant suffered damages.  *See AT&T Credit Corp. v. Zurich Data Corp.*, 37 F.Supp. 2d 367, 370 (D.N.J. 1999).  When a contract is made in the name of a corporation by its president, the corporation has the burden of showing the contract was not authorized or ratified.  *G. O. K. Enters. v. Moos*, 116 N.J. Eq. 175, 178 (1934) (quoting *Bennett v. Millville Improvement Co.*, 67 N.J.L. 320, 51 A. 706 (1902)).

In this case, Travelers established that the GAI forms a contractual relationship between

Travelers and Lighthouse. (Pl.'s Br. Ex. B; Doc. No. 31) The GAI was executed by Daniel Kulik while acting as president of Lighthouse, and Lighthouse has made no claim that the GAI was not authorized. (*Id.*) Therefore, the GAI is binding upon Lighthouse. Pursuant to the GAI, Lighthouse agreed to indemnify Travelers in consideration for its issuance of Performance and Payment Bonds No. 004-SB-14360656 on behalf of Power Tech. (*Id.*) Travelers issued the bonds according to the contract. (Pl.'s 51.6 Stmt.) Lighthouse, however, has failed to indemnify and save harmless Travelers from certain claims and suits that have arisen. Thus, Lighthouse has breached the contract, and Travelers is entitled to judgment as a matter of law on the issue of liability.

Travelers asserts it has incurred losses in the amount of $106,498.42 as a result of having issued bonds on behalf of Power Tech. (*Id.*) This amount has not been disputed, and as such Travelers is entitled to partial summary judgment on the issue of damages in the amount of $106,498,41. Additionally, Travelers claims it is entitled to reimbursement for all costs and attorney's fees incurred while defending the claims advanced by the bond obligee. (*Id.*) The Court agrees, and will grant summary judgment to Travelers regarding Lighthouse's liability for those costs and fees. It appears, however, that an award of costs and attorney's fees is premature as litigation is on-going. As such, the Court will grant Travelers leave to move for a sum certain award of costs and attorney's fees at an appropriate time in the future.

### III.    CONCLUSION

For the foregoing reasons, the Court will GRANT Travelers present motion for partial summary judgment. An appropriate form of order accompanies this memorandum opinion.

Dated: July 15, 2010

                                                      /s/ Garrett E. Brown, Jr.
                                         GARRETT E. BROWN, JR., U.S.D.J.