**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS CASUALTY AND INSURANCE COMPANY OF AMERICA, : <br><br> Plaintiff, : <br><br> v. : <br><br> JEANNE KULIK, ET AL., : <br><br> Defendants, : | Civ. No. 09-648 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Defendant/Cross Claimant Lighthouse Advisors, LLC ("LHA") for default judgment against Defendant Jeanne Kulik. Jeanne Kulik has not opposed LHA's present motion. (Doc. No. 36.) The Court has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, LHA's motion will be granted.

**I. BACKGROUND**

On February 12, 2009, Plaintiff Travelers Casualty and Insurance Company of America ("Travelers") filed a complaint that alleged LHA, Jeanne Kulik and other named defendants were liable to Travelers under a General Indemnity Agreement ("GAI") executed on May 1, 2003. Pursuant to the terms of the GAI, Travelers furnished bonds on behalf of Defendant Power Tech

1

Services Inc. Further, under the GAI, other named defendants including Jeanne Kulik agreed to indemnify Travelers for every claim, loss, damage, demand, liability, cost, charge, bond premium, suit, judgment, and/or attorneys' fees that may be incurred as a consequence of the bonds' issuance.

On or about April 1, 2008, pursuant to a written agreement (the "Agreement"), LHA was bought from Defendants Daniel and Jeanne Kulik by Lawrence Cardino, the now sole member of LHA. The Agreement required Daniel and Jeanne Kulik to identify all liabilities that the purchaser of LHA was to undertake, and to enumerate them in Schedule B to the Agreement. In addition, under Clause 4.2(a) of the Agreement, defendant Jeanne Kulik further agreed to indemnify and hold LHA harmless from any liability or claim whether accrued, absolute, contingent or otherwise existing at the closing date of the Agreement. However, at the time of the LHA sale, the existence of the GAI liability was not revealed to Mr. Cardino, nor was it identified under Schedule B of the Agreement.

After Travelers filed its complaint, LHA filed a cross complaint against Jeanne Kulik that was served on June 25, 2009, and to which no response was filed or served. Thereafter, on August 14, 2009, the Clerk of Court entered default against Jeanne Kulik for failure to plead. On July 15, 2010, the Court granted partial summary judgment in favor of Travelers and against LHA pursuant to the terms of the GAI, and a judgment against LHA was entered in the amount of $106,498.41. Subsequently, on September 14, 2010, LHA filed the present motion for default judgment against Jeanne Kulik in the amount of $106,498.41, plus any additional sums that become due to Travelers. As noted, Jeanne Kulik has not opposed LHA's present motion, which the Court will grant for the following reasons.

## II. DISCUSSION

### A. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure, which governs default states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 177(D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar,* No. 06-5231, 2008 U.S.Dist LEXIS 28066 at *7 (D.N.J. Apr.1, 2008) (citation omitted).

Before entering default judgment, the Court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady,* 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Gas Co.,* 747 F.2d 863, 867-68 (3d Cir.1984)).

### B. Application

Applying the standard outlined above to the facts alleged in LHA's submission, the Court

concludes that an entry of default judgment against Jeanne Kulik is appropriate for the following reasons: (1) Kulik has not proffered and does not appear to have a meritorious defense to LHA's allegations; (2) LHA has already suffered and will continue to suffer prejudice as a result of Kulik's nonfeasance; and (3) Kulik appears to be culpable for the conduct alleged in LHA's cross complaint. Furthermore, the Court concludes that the damages sought by LHA are adequately documented and are sufficiently certain to render default judgment appropriate. For these reasons, the Court will grant LHA's motion and enter default judgment against Jeanne Kulik in the amount of $106,498.41. Further, LHA may file a motion regarding any additional liabilities if appropriate in the future. Finally, the Court shall instruct the parties in this case to meet and confer with the Hon. Lois H. Goodman, U.S.M.J., in an effort to resolve the outstanding issues in this case with all deliberate speed.

## III. CONCLUSION

For the reasons noted above, LHA's motion for default judgment against Defendant Jeanne Kulik is GRANTED in the amount of $106, 498.41. An appropriate form of order accompanies this memorandum opinion.

Dated: *October 19, 2010*

GARRETT E. BROWN, JR., U.S.D.J.